FILED & JUDGMENT ENTERED
David E. Weich

Jul 30 2008

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
George R. Hodges
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

In Re:                                )
                                      )   Case No. 08-10232
**THOMAS C. HERBERT,**                )      Chapter 7
                                      )
            Debtor.                   )
_____)

### ORDER DENYING MOTION TO DISMISS

This matter is before the court on the Motion to Dismiss filed by the Bankruptcy Administrator ("BA"). The sole issue presented by the BA's motion is the definition of the phrase "household size" as it is used on Form B22A. Having considered the pleadings and the arguments of counsel, the court denies the BA's Motion to Dismiss and finds that the debtor may claim a household size of 11 on Form B22A.

### Background

1. The debtor filed a Chapter 7 petition on March 28, 2008. He lives with his girlfriend and nine children. One of the children is the debtor's biological daughter with his

girlfriend, and the remaining eight children are the girlfriend's children from a previous relationship.

    2.  The debtor, his girlfriend, their child, and the girlfriend's eight children have lived together for several years, and the debtor has supported the girlfriend and her children during that time because their biological father is incarcerated.  The debtor has claimed all of the children as dependents on his tax returns and he has attempted to adopt the eight children, but their father will not consent to the adoption.

    3.  With respect to his bankruptcy schedules, the debtor claims all nine children as dependents on Schedule I. Specifically, he lists one as his daughter and the other eight as stepchildren.  The court notes that although the debtor lists the 8 children as his stepchildren, they do not legally fall within that category because he and his girlfriend are not married.  See Black's Law Dictionary 255 (8th ed. 2004) (defining stepchild as the "child of one's spouse by a previous marriage.").

    4.  In addition, the debtor claims a household size of 11 on line 14(b) of Form B22A and an applicable median family income of $111,469.00.  The household size of 11 includes the debtor, his girlfriend, and the nine children living in the house.

2

5.   The debtor listed Current Monthly Income for § 707(b)(7) of $9,125.00, which includes $1,600.00 his girlfriend receives for food stamps each month.  Therefore, his Annualized Current Monthly Income on line 13 of Form B22A is $109,500.00, which is less than the applicable median family income of $111,469.00 for a household size of 11 in North Carolina. Therefore, the debtor was not required to complete the remaining portions of Form B22A.

6.   The BA moved to dismiss the debtor's case on the basis that the debtor is entitled to claim only a household size of 2, which includes himself and his daughter.  Therefore, the BA argues that the debtor's applicable median family income should be $49,259.00, which is the applicable median family income for a household size of 2 in North Carolina.  And if the debtor's applicable median family income is $49,259.00, it would appear he has sufficient disposable income to pay unsecured creditors some portion of their claims over 60 months.  For that reason, the BA moved to dismiss the case pursuant to 11 U.S.C. § 707(b) as an abuse of Chapter 7.

<u>Discussion</u>

7.   The facts in this case are not in dispute.  Thus, the sole issue to be determined by the court is what number the debtor should use for household size when completing Form B22A.

Unfortunately, the phrase is not defined in either the Bankruptcy Code or on Form B22A.

8.   This court considered a related issue in In re Plumb, 373 B.R. 429 (Bankr. W.D.N.C. 2007). In Plumb, the parties presented the definition of the term "household" as one of the issues to be determined by the court. However, in considering the matters before it, the court found that the debtors' household size was inconsequential because whether the household size was 2, as argued by the creditor, or 10, as argued by the debtors, the debtors' annualized currently monthly income was more than the applicable median family income. See Plumb at 437. Therefore the court did not reach the issue of what Congress meant by "household size" on Line 16 of Form B22C.

9.   Rather, the court determined what Congress meant by "family size" for purposes of completing Lines 24 and 25A of Subpart A of Part IV of Form B22C. In making that determination, the court analyzed whether Congress intended for household size and family size to be synonymous on Form B22C, and the court ruled that it did not -- primarily based on the fact that 11 U.S.C. § 707(b)(2)(A)(ii)(II) refers to household member and family member alternatively. See id. at 438. And the reference to household member within § 707(b)(2)(A)(ii)(II) is more inclusive than the reference to family member, which is defined somewhat in a parenthetical. Ultimately, the court held

4

that the debtors' applicable family size included themselves and their seven children, grandchildren, and great-grandchildren, but it excluded a fiancée. See id.

    10. One of the leading cases to have considered the definition of "household size" is In re Ellringer, 370 B.R. 905 (Bankr. D. Minn. 2007). In Ellringer, the court held that the Census Bureau's definition of household is the most appropriate one because § 101(39A)(A) defines median family income as "the median family income both calculated and reported by the Bureau of the Census." See Ellringer at 910. The Census Bureau defines "household" as "'all of the people, related and unrelated, who occupy a housing unit.'" See Ellringer at 911 (quoting the U.S. Census Bureau, Current Population Survey (2004), http://www.census.gov/population/www/cps/cpsdef.html). The Ellringer court concluded that using the Census Bureau's definition "ensures that a household in the means test will have the same number of members as the calculation of median family income." See id. at 910 — 911. This approach has been referred to as the "heads on beds" approach, and it does not take into consideration financial contributions of the household member, dependency, or the relationship of the household member to the debtor.

    11. As this court did in Plumb, the Ellringer court found that Congress meant two different things by family size and

household size on Form B22A.  In addition, the court noted that Congress elected to use the broader term "household size" on line 14(b) of Form B22A in recognition of the fact that there may be instances in which two unrelated, non-dependent individuals should be treated as a household for purposes of the means test.  See id. at 911.  Using the "heads on beds" approach, the court concluded that the debtor resided in a household size of 2.  Included in that number was the debtor's roommate of several years with whom she owned her home as joint tenants; was jointly liable for the mortgage; had a joint bank account; and jointly owned a 2002 Ford Focus.  See id. at 910.

12. Another leading case to interpret the phrase household size is In re Jewell, 365 B.R. 796 (Bankr. S.D. Ohio 2007).  In Jewell, at the time the debtors' filed their case, they lived with their two dependent children, an adult daughter, Crystal, her three minor children, and an adult son, Chris.  Crystal and her children had lived with the debtors for approximately six months at the time the debtors filed their petition.  Crystal did not help pay any of the household expenses, and the debtors provided Crystal and her children funds for medical care, gas, and other needs.  See Jewell at 798.

13. The other adult child, Chris, never left home, but he attended college and had a full-time job.  He neither contributed to the household expenses nor accepted financial

6

assistance from the debtors.  Finally, the two dependent children were both employed, but they did not contribute financially to the household expenses.  See id.

14.  In their second amended Form B22A, the debtors claimed a household size of 8, which resulted in their Annualized Current Monthly Income being less than the applicable median family income in Ohio.  As a result, they were not required to calculate the monthly disposable income on Form B22A.  The United States Trustee moved to dismiss the case for abuse pursuant to 11 U.S.C. § 707(b)(2)(A) on the basis that the debtors were claiming a household size larger than that to which they were entitled.  See id.

15.  The United States Trustee argued that the court should look to the Internal Revenue Manual (the "IRM") as guidance for determining the definition of household size.  See id. at 800. The IRM in turn states that the number of household members allowed for purposes of determining the applicable National Standards should generally be the same as the number of household members allowed as dependents on a tax return.  See id.  The Jewell court rejected this approach as being too narrow because it fails to recognize those instances when a debtor may be actually providing support for a household member.  See id. at 801.  In that regard, the court noted that even the IRS

acknowledges that there may be reasonable exceptions to the general rule stated above. See id.

16. The Jewell court also rejected the Census Bureau definition of household or the "heads on beds" approach argued by the debtors because the court found that it is inconsistent with the purpose of Form B22A, which is a "means test" designed to determine disposable income. See Jewell at 800. Specifically the court found that:

> Such a definition is inconsistent with the methodology and purpose of Official Form 22A for calculating a debtors' disposable income in that it does not include the element of a debtor's support of the person who puts the head on the bed. If a person lives in the home with the debtor but the debtor does not support that person, then inclusion of that person for purposes of calculating the applicable median family income and disposable income would give rise to a faulty calculation and would result in an inaccurate figure for both.

See id. The court also noted that the purpose for which the Census Bureau determines household size is "radically different" than the purpose of Form B22A. See id.

17. The Jewell court ultimately held that the debtors could claim a household size of 8, which included the debtors, the two dependent children, Crystal, and her three children. See id. at 802. The court concluded that Crystal and her three children should be counted as part of the household because they had been dependent on the debtors for support during the six months prior to the filing of the case. See id. at 801. On the

other hand, the court did not include the debtors' adult son, Chris, who it considered to be "merely a head on a bed." See id. Although the debtors occasionally provided Chris funds, the court emphasized that he did not regularly receive financial assistance from the debtors, and they did not provide him support in the form of food and clothing. Neither did the debtors claim Chris as a dependent on their tax returns. See id.

18.  This court is persuaded to follow the reasoning in Jewell because it seems the most consistent with the purpose of Form 22A, which, as the Jewell court noted, is a means test designed to determine a debtor's disposable income.  While this court agrees with the Ellringer court to the extent it recognizes that there will be instances in which unrelated, non-dependent individuals should be treated as part of a household, the "heads on bed" approach adopted by that court is too broad because it includes anybody who may be residing under the debtor's roof without regard to their financial contributions to the household or the monetary support they may be receiving from the debtor.  Neither does it take into consideration their dependency or relationship to the debtor.  On the other hand, the court declines to adopt the standards of the Internal Revenue Manual for purposes of determining household size because they do not account for the situation in which a debtor

9

may be supporting an individual without declaring that person as a dependent on his tax return.

    19. And although the <u>Jewell</u> court did not delineate hard and fast guidelines for calculating household size, it looked primarily to the debtors' financial support of their household members to determine whether those individuals should be included within the household size for purposes of Form B22A. This approach recognizes that debtors have a variety of different living arrangements that defy being pigeonholed into a neat formula for purposes of defining household size. In that regard, this court notes that it will consider the issue of household size on a case by case basis with key considerations being the debtor's history of support of a household member as well as the debtor's good faith.

    20. Applying that analysis to this case, the court finds that the debtor has a household size of eleven. The reality of this debtor's situation is that he is — and has been for several years — supporting his girlfriend, their daughter, and her eight children. That support, while voluntary, has been consistent and of long standing. It is not contrived or concocted for the purpose of this bankruptcy filing. But, rather, appears to be simply the fact of this debtor's life.

    21. The court is satisfied that the debtor's applicable median family income should be calculated based upon that

reality rather than on some artificial construct. Consequently, the court concludes that this debtor's "household size" is determined by the actual number of people supported by the debtor; and that his applicable median family income should be calculated based on a "household size" of 11.

It is therefore **ORDERED** that the BA's Motion to Dismiss is **DENIED.**

**This Order has been signed electronically.**     **United States Bankruptcy Court**
**The Judge's signature and court's seal**
**appear at the top of the Order.**